UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISADORE HENRY,<br><br>            Plaintiff,<br><br>   v.<br><br>LINDA MELCHING, et al.,<br><br>            Defendants. | 1: 03 CV F- 5255 AWI DLB P<br><br>ORDER STRIKING DENYING PLAINTIFF'S EX PARTE MOTION FOR INVESTIGATOR AND/OR OTHER EXPERT SERVICES (DOC 87) |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  On February 25, 2005, Plaintiff filed an Ex Parte Motion for Investigator and/or other Expert Services.

      After defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the court must include a certificate of service stating that a copy of the document was served on the opposing party.  See F.R.C.P. 5; Local Rule 5-135.  A document submitted without the required proof of service will be stricken. Where a party is represented, service on the party's attorney of record constitutes effective service.

      Defendants appeared in this action on December 24, 2003 by filing an Answer.  Plaintiff's Motion does not include the required proof of service on Defendants and therefore is HEREBY

1 STRICKEN.  Plaintiff is also advised that the expenditure of public funds on behalf of an indigent
2 litigant is proper only when authorized by Congress.  <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989)
3 (citations omitted).  The in forma pauperis statute does not authorize the expenditure of public funds
4 for the appointment of an investigator.  28 U.S.C. § 1915.  Further, the in forma pauperis statute does
5 not provide for the payment of fees or expenses for witnesses.  <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th
6 Cir. 1993).

7       IT IS SO ORDERED.

8 **Dated:   May 13, 2005**                    **/s/ Dennis L. Beck**
  3b142a                                       UNITED STATES MAGISTRATE JUDGE