IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISADORE HENRY, | CV F 03 5255 AWI DLB P |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING THE APPOINTMENT OF COUNSEL** |
| v. | |
| BURGEIS, et al., | **ORDER DENYING MOTION REGARDING UN-INCARCERATED WITNESSES** |
| Defendants | (Documents #106 & #108) |

This action proceeds on plaintiff Isadore Henry's first amended complaint, filed June 12, 2003. Plaintiff, an inmate in the custody of the California Department of Corrections, brings this civil rights action against correctional officials for violations of his civil rights. Plaintiff alleges that he has been subjected to cruel and unusual punishment because of exposure to environmental tobacco smoke at CCI. Trial in this action is set for April 18, 2006.

On January 30, 2006, Plaintiff filed several motions regarding trial. Two of these motions are addressed in this order.

**A. Motion for Reconsideration**

On January 30, 2006, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order denying Plaintiff's request for the voluntary assistance of counsel. Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460

1  (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To
2  succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to
3  reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp.
4  656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.
5  1987).  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly
6  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.
7  72(a); United States v. Raddatz, 447 U.S. 667, 673 (1980); Bhan v. NME Hosp., Inc., 929 F.2d
8  1404, 1414 (9th Cir. 1991).  A motion for reconsideration is not the proper avenue for raising
9  arguments and legal theories that could have been, but were not, raised before the Magistrate
10 Judge issued the order from which reconsideration is sought. In re Agric. Research & Tech.
11 Group, Inc., 916 F.2d 528, 542 (9th Cir.1990).

12      To succeed in his motion, Plaintiff must show that the Magistrate Judge's denial of his
13 request for counsel was clearly erroneous or contrary to law.   There is no constitutional right to
14 counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).   Title 28
15 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a
16 litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the
17 courts the power to make "coercive appointments of counsel." Mallard v. United States Dist.
18 Court, 490 U.S. 296, 310 (1989).   The court may ask counsel to represent an indigent litigant
19 under Section 1915 only in "exceptional circumstances," the determination of which requires an
20 evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to
21 articulate his claims pro se in light of the complexity of the legal issues involved.   Rand v.
22 Rowland, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en*
23 *banc*, 154 F.3d 952 (9th Cir.1998) (en banc); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
24 Cir.1986).

25      Plaintiff has failed to make a showing that statutory grounds exist that entitle Plaintiff to
26 reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel.   The
27
28                                                2

Magistrate Judge's order was not clear error.  Plaintiff appears able to present his claims adequately, and the issues at this stage of the case are issues of fact.  Plaintiff's prior filings, including the pretrial order, are comprehensive and focused.  Plaintiff has filed numerous motions throughout this action.  Although Plaintiff's filings do not always achieve the quality of papers that are usually prepared by lawyers, Plaintiff's motions have been articulate and organized.  Plaintiff is correct that he would be served by the assistance of counsel, and the court is not unsympathetic to Plaintiff's desire for counsel.  However, the Ninth Circuit has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." Rand, 113 F.3d at 1525.   Plaintiff has made no such showing.  As such, Plaintiff is not entitled to reconsideration of the Magistrate Judge's order.

**B.  Motion Regarding Un-Incarcerated Witnesses**

On January 30, 2006, Plaintiff filed a motion informing the court that Plaintiff does not have appropriate sums of money for obtaining the attendance of un-incarcerated witnesses.  Plaintiff appears to ask the court to issue subpoenas for his prospective witnesses and waive or provide the witness fees.  Plaintiff has been granted in forma pauperis status in this action.  Plaintiff attaches a copy of his prison trust account statement, indicating that Plaintiff only has an available balance on $60.64.  Plaintiff explains how each of the un-incarcerated witnesses is relevant to his case.   Plaintiff also states that none of these witnesses will appear voluntarily at trial.

Plaintiff has already been given instructions on obtaining the presence of un-incarcerated witnesses.  Plaintiff has been informed that if an un-incarcerated witness will not testify voluntarily, Plaintiff must fill out a subpoena for each such witness and provide a money order made payable to each witness for $40.00, plus the witnesses' travel expenses.

In Plaintiff's motion, Plaintiff appears to ask that the court waive the witness fees and fees for travel expenses.  Plaintiff does not have the ability to pay these fees but desires these

3

witnesses to testify at trial. The court has no authority to order any un-incarcerated witness to appear at trial without requiring the plaintiff to pay witness fees. The Supreme Court has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321 (1976). The Ninth Circuit has found that the in forma pauperis statute, 28 U.S.C. § 1915, does not provide for the payment of fees or expenses of an indigent litigant's witnesses. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989).[1] While 28 U.S.C. 1915 provides for service of process to an indigent litigant's witnesses, it does not waive the payment of fees or expenses for those witnesses. Hadsell v. C.I.R., 107 F.3d 750, 752 (9th Cir. 1997). Because inmate fees and milage is a payment going directly to the witness for their time and expenses, and not to the court, it is not the type of fee the court has the power to waive. Based on the nature of these fees and case authority, Plaintiff's motion for the court bring un-incarcerated witnesses to trial must be denied. However, Plaintiff will be able to call any of the named Defendants who appear at trial as witnesses. In addition, Plaintiff may call any other of Defendants' witnesses if there are present and Plaintiff has listed them as witnesses in his pre-trial statement. Finally, Plaintiff may cross-examine any other witness that Defendants call to testify.

//

---

[1] One case holding the opposite is of note. In William v. Carter, 10 F.3d 563 (8th Cir.1993), the Eighth Circuit found that the trial court had abused its discretion by not allowing subpoenas to be served on all of the pro se prisoner's witnesses. While William does not specifically discuss whether the prisoner paid the witnesses' fees or the court waived them, there is an implication that the fees were waived. Assuming William stands for the proposition that the court has the power to waive witness fees in a civil case, the Eighth Circuit is in the minority and most other circuits have found the court cannot waive witness fees. See, e.g., Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987); Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir.); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir.1987). Because this court is in the Ninth Circuit it is bound by the Ninth Circuit's finding that witnesses fees cannot be waived by the court.

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiff's motion for reconsideration of the Magistrate Judge's order denying counsel is DENIED; and
2. Plaintiff's motion for the attendance of un-incarcerated witness without payment of witness fees is DENIED.

IT IS SO ORDERED.

**Dated:**   **February 28, 2006**              /s/ Anthony W. Ishii
9h0d30                                    UNITED STATES DISTRICT JUDGE

5