IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISADORE HENRY,<br><br>        Plaintiff,<br><br>   v.<br><br>BURGEIS, et al.,<br><br>        Defendants | CV F 03 5255  AWI DLB P<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>ORDER DENYING MOTION REGARDING SAFETY OF WITNESSES<br><br>(Documents #104, #107 & #109) |

    This action proceeds on Plaintiff Isadore Henry's first amended complaint, filed June 12, 2003. Plaintiff, an inmate in the custody of the California Department of Corrections, brings this civil rights action against correctional officials for violations of his civil rights. Plaintiff alleges that he has been subjected to cruel and unusual punishment because of exposure to environmental tobacco smoke at California Correctional Institution, Tehachapi ("CCI"). Trial in this action is set for April 18, 2006. On March 6, 2006, the court held a telephonic pretrial conference. At the conference, the court discussed Plaintiff's proposed inmate witnesses. This order follows.

    Plaintiff has filed motions to have seven inmates brought to trial to testify. Plaintiff provides evidence showing that these witnesses were present and observed Defendants allowing inmates to smoke. All witnesses have indicated a willingness to testify to Plaintiff. The court finds that seven inmate witnesses confirming Plaintiff's proposed testimony that Defendants allowed inmates to smoke would result in commutative evidence. In his motions, Plaintiff has

provided the most details about Ralph Jennings (CDC #D-75857)'s proposed testimony, Timmy Leighton (CDC # P-63256)'s proposed testimony, and Bobby Lathely (CDC #P-20145)'s proposed testimony.   These witnesses appear to be able to offer relevant testimony about whether there was smoking in Plaintiff's dorm during the relevant time periods, Plaintiff's physical reactions to the smoke, Defendant Burgess's actions regarding the smoking, and/or Defendant Shelton's actions regarding the smoking.   Thus, the court will order these witnesses transported to trial.

Plaintiff is informed that it is necessary to grant Plaintiff's motion to allow the transportation of these inmate witnesses at this time.   The CDC needs several weeks to arrange for transport, and by the time the court ruled on motions regarding the admissibility of these inmate witnesses' testimony, it would be too late to order the inmate witnesses transported. Plaintiff is advised that some or all of the testimony of his inmate witnesses may be excluded pursuant to a possible motion in limine filed by Defendants.   The court will rule on any motions in limine the morning of trial.   Thus, while the court will order the inmate witnesses transported for trial, Plaintiff is not guaranteed that they will be allowed to testify to all subjects Plaintiff may like to elicit testimony regarding.

The court notes that it is not this court's policy to transport an inmate witness unless the inmate witness is currently willing to come to court to testify.   For that reason, the court is serving courtesy copies of this order on Plaintiff's inmate witnesses.    If any inmate witness is not willing to testify in this action, the inmate witness should contact the court indicating the case name and case number of this action, state that the inmate witness does not wish to be transported to trial, and ask that this order be vacated as to the inmate witness.   Any request to stop transportation should be filed as soon as possible to avoid any unnecessary transportation.

Finally, the court notes that Plaintiff has filed a motion for the safety of incarcerated witnesses.   Plaintiff and the inmate witnesses are informed that this court does not transport witnesses.   All this court does is order the CDC to bring Plaintiff and the witnesses to trial.

How the witnesses are transported and where they are housed remains in the discretion of the CDC. While the parties to this action will know the names of Plaintiff and his inmate witnesses, the court does not publicize inmate witnesses's names to prison staff and other inmates nor does the court advertise the subject of their testimony. However, some prison staff will obviously know that the inmate witnesses are coming to testify because they will be involved in their transportation. Thus, Plaintiff's motion requesting the court make specific orders to ensure the safety of the inmate witnesses must be denied because Plaintiff requests this court take actions beyond this court's authority.

Accordingly, the court orders that:

1. Plaintiff's motion for the attendance of incarcerated witnesses Ralph Jennings (CDC #D-75857), Timmy Leighton (CDC # P-63256), and Bobby Lathely (CDC #P-20145) is GRANTED;

2. Plaintiff's motion for the transportation of other witnesses is DENIED;

3. Plaintiff's motion regarding the safety of inmates is DENIED; and

5. The Clerk of the Court is DIRECTED to send courtesy copies of this order to:

Ralph Jennings (CDC #D-75857)
California Correctional Institute
PO Box 608
Tehachapi, CA 93581

Timmy Leighton (CDC # P-63256)
California Correctional Institute
PO Box 608
Tehachapi, CA 93581

Bobby Lathely (CDC #P-20145)
California Correctional Institute
PO Box 608
Tehachapi, CA 93581

IT IS SO ORDERED.

Dated:   March 7, 2006            /s/ Anthony W. Ishii
0m8i78                            UNITED STATES DISTRICT JUDGE